**Richard P. JACKSON,**
**Plaintiff-Appellant,**

v.

**MARTIN MARIETTA CORPORATION, a Delaware Corporation, and Martin Marietta Retirement Income Plan for Salaried Employees, Defendants-Appellees.**

**No. 86–3400**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 16, 1986.

Joseph R. Moss, Cocoa, Fla., for plaintiff-appellant.

Michael P. McMahon, Akerman, Senterfitt & Eidson, Orlando, Fla., for defendants-appellees.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

## CORRECTED OPINION

PER CURIAM:

This case raises the issue of whether a state law claim for breach of contract alleging improper calculation of an employee's pension service date is preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461 (1982). Although this circuit has not ruled on the issue of preemption of such a state law claim, we agree with the overwhelming majority of decisions that have found similar claims to be barred by ERISA.[1]

Appellant Richard Jackson contends that while interviewing for a new position with the Martin Marietta Corporation in 1977 the corporation informed him that his pension service date would be September of 1959. Because Jackson had not been continuously employed by the corporation since 1959, his pension service date was later corrected as being May of 1974. Jackson contends that this action was a breach of contract under state law. Jackson brought this action in the United States District Court for the Middle District of Florida. Jurisdiction was based upon diversity of citizenship and the jurisdictional provisions of ERISA. The district court granted defendant's motion for summary judgment, concluding that Jackson could not bring a claim for breach of contract due to section 514 of ERISA which provides:

[T]he provisions of this subchapter ... shall supercede any and all state laws insofar as they may now or hereafter *relate to* any employee benefit plan....

29 U.S.C. § 1144(a) (1982). We affirm the district court.

The preemption provisions of ERISA are to be given a broad construction. *See Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985). The scope of this provision is not limited to state law specifically pertaining to employee benefit plans. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98, 103 S.Ct. 2890, 2900–01, 77 L.Ed.2d 490 (1983). Nevertheless, the ERISA preemption provisions are not all-inclusive. Some state laws "may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Id.* at 100 n. 21, 103 S.Ct. at 2901 n. 21. Due to the breadth of the preemption clause and the broad remedial purpose of ERISA, *see Powell v. Chesapeake & Potomac Tel. Co.*, 780 F.2d 419, 421 (4th Cir. 1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986), however, state laws found to be beyond the scope of § 1144(a) are few. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n. 21, 103 S.Ct. at 2901 n. 21 (1983) (indicating approval of second circuit decision holding § 1144(a) does not preempt state garnishment laws with regard to alimony and support orders).

---

1. *See, e.g., Light v. Blue Cross & Blue Shield*, 790 F.2d 1247 (5th Cir.1986) (state claim for breach of fiduciary duties and deceit precluded); *Misic v. Building Serv. Employees Health & Welfare Trust*, 789 F.2d 1374 (9th Cir.1986) (state law claim for breach of contract precluded); *Blakeman v. Mead Containers*, 779 F.2d 1146 (6th Cir.1985) (state law claim for breach of contract precluded); *Powell v. Chesapeake & Potomac Tel. Co.*, 780 F.2d 419 (4th Cir.1985) (state claim for breach of fiduciary duty precluded), *cert. denied,* —— U.S. ——, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986); *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091 (9th Cir.1985) (state claim for breach of implied covenant of good faith and fair dealing precluded); *Blau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir.1985) (state claim for breach of contract and fraud claims precluded), *cert. denied,* —— U.S. ——, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985); *Lafferty v. Solar Turbines Int'l.*, 666 F.2d 408 (9th Cir.1982) (state claim for breach of contract precluded); *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208 (8th Cir.) (state claim of tortious interference with contract precluded), *cert. denied*, 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981); *cf. Phillips v. Amoco Oil Co.*, 799 F.2d 1464 (11th Cir.1986) (state fraud claim precluded).

■ The state law claim brought by appellant directly impacts the administration of an employee benefit plan. *See Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1505 (9th Cir.1985). In light of Congress' intention to preclude state law claims pertaining to the administration of employee benefit programs, the appellant's claim was properly preempted by § 1144(a).

Accordingly, the judgment of the district court is

AFFIRMED.