**Desmond McNAMEE, Plaintiff,**

v.

**BETHLEHEM STEEL CORPORATION, Defendant.**

No. 87 C 2039.

United States District Court, E.D. New York.

Sept. 1, 1988.

Stephen A. Harrison, Brooklyn, N.Y., for plaintiff.

Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City (Wayne A. Cross, Janet E. Mattick, of counsel), for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff, a citizen of New York, brought this action against his former employer Bethlehem Steel, a Delaware corporation with its principal place of business in Bethlehem, Pennsylvania, alleging breach of contract and fraud. The court has jurisdiction pursuant to 28 U.S.C. § 1332. Defendant moves for summary judgment.

Plaintiff initially went to work for defendant in November 1951 as a welder and night foreman in defendant's Brooklyn shipyard. In June 1963 (plaintiff says 1965) defendant shut down the Brooklyn yard and laid plaintiff off. In January 1978 defendant offered plaintiff a job as a welding and burning supervisor in its Hoboken shipyard. Plaintiff left another job to accept this offer. He worked there from February 1978 to December 31, 1982, when defendant closed the Hoboken yard and again laid him off.

The complaint asserts claims arising out of the facts surrounding defendant's 1978 rehiring and subsequent 1982 layoff of plaintiff. It alleges that defendant rehired plaintiff in accordance with an agreement that it would "make such arrangements as were necessary to have his 'break in service bridged' from 1965 to 1978 and to provide plaintiff with sufficient employ- ment time in order to qualify for a fully vested pension." An employer "bridges" a break in service—here from 1963 or 1965 to 1978—by treating, for pension purposes, the employee's past service time as part of his period of continuous service with the employer. (No credit is given for the period of absence.) Plaintiff says that defendant breached the agreement by failing to arrange for a bridge in his service and by laying him off before he could accrue enough employment time to qualify for pension benefits.

The complaint also alleges fraud, asserting that defendant misrepresented to plaintiff upon rehiring him that it would arrange for the bridge in his service. Plaintiff claims that he accepted reemployment in reliance on this representation, which defendant then knew or should have known was false.

Defendant moves for summary judgment on the ground that plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461 (1985). Defendant cites § 514(a) of ERISA, which provides, in pertinent part, that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144(a). Defendant argues that plaintiff's claims "relate to" its employee pension plan within the meaning of § 514(a) because plaintiff's "goal is to recover benefits which he alleges are due to him under Bethlehem's pension plan."

Defendant relies on numerous cases which it describes as imbuing the phrase "relate to" in § 514(a) with "the broadest common sense meaning." These cases, defendant asserts, establish that ERISA preempts a state law if that law "has a connection with or reference to" a benefit plan. It cites *Jackson v. Martin Marietta Corp.*, 805 F.2d 1498 (11th Cir.1986), as particularly pertinent here. In *Jackson*, the court held that ERISA preempted the claim of the plaintiff that his employer had breached his employment contract by misrepresenting at his job interview the date of his pension service and then correcting

that date after he took the job. Defendant calls *Jackson* "strikingly similar to the present action," and asserts that because the court in that case determined that the state law claim "directly impact[ed] the administration of an employee benefit plan" and therefore was preempted by ERISA, *see id.* at 1500, the court should reach a similar conclusion here.

Plaintiff denies that his claims "relate to" defendant's pension plan within the meaning of § 514(a), emphasizing that he does not seek benefits under the plan, but rather damages for defendant's failure to permit vesting of the pension as promised. He distinguishes his case from those in which ERISA preempted state law breach of contract or fraud claims by asserting that in those cases the contract allegedly breached or misrepresented was the pension plan itself, whereas he claims a breach and misrepresentation not of defendant's plan, but rather of a collateral employment agreement.

■ It is clear that the courts, most notably the Supreme Court, have interpreted the term "relate to" in § 514(a) as embracing a broad spectrum of state laws. *See, e.g., Pilot Life Ins. Co. v. Dedeaux,* — U.S. ——, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Metropolitan Life Ins. Co. v. Taylor,* — U.S. ——, 107 S.Ct. 1542, 95 L.Ed. 2d 55 (1987); *Shaw v. Delta Air Lines,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). The cases do not establish, however, that any state law claim brought in an action involving an employee benefit plan "relates to" that plan within the meaning of § 514(a). Rather, such claims generally "relate to" a benefit plan when they arise out of some action taken in the execution or administration of the plan. *See, e.g., Pilot Life, supra* (finding that ERISA preempted state common law allegations of improper processing of the plaintiff's claim for benefits under an employee benefit plan); *Metropolitan Life, supra* (finding that ERISA preempted a state law breach of contract claim alleging wrongful denial of disability benefits under an employee benefit plan). The Second Circuit has articulated this general limitation on ERISA

preemption by stating that, with respect to a state statute, preemption depends on whether the statute affects "the structure, the administration, or the type of benefits provided by an ERISA plan," *Rebaldo v. Cuomo,* 749 F.2d 133, 139 (2d Cir.1984), and with respect to a state common law claim, preemption depends on whether resolution of the claim "would determine whether any benefits are paid, and directly affect the administration of benefits under the plan." *Gilbert v. Burlington Indus.,* 765 F.2d 320, 327 (2d Cir.1985).

■ Applying these standards, plaintiff's claims do not "relate to" defendant's pension plan within the meaning of § 514(a). As plaintiff explains, he does not seek benefits under the plan, or even damages for defendant's failure to provide such benefits. Rather, the damages he seeks are for losses suffered due to (1) defendant's allegedly wrongful failure to bridge his employment gap and to retain him as an employee long enough to acquire a pension, and (2) defendant's alleged misrepresentation of its intention to arrange for such a bridge and to continue his employment until his pension vested. So stated, plaintiff's claims are more like those asserted in *Greenblatt v. Budd Co.,* 666 F.Supp. 735 (E.D.Pa.1987), and in *Morningstar v. Meijer, Inc.,* 662 F.Supp. 555 (E.D.Mich.1987), than those in *Jackson, supra.* In *Greenblatt* the plaintiff sued his employer for, *inter alia,* misrepresenting to him that the benefits he was receiving under one of two pension plans would be made equal to those available under the other plan. The court, after acknowledging that the Supreme Court has determined that "Congress made the preemption provision 'deliberately expansive' and 'designed to "establish pension plan regulation exclusively as a federal concern,"'" 666 F.Supp. at 741 (quoting *Pilot Life, supra,* at — U.S. ——, 107 S.Ct. at 1552 (quoting *Alessi v. Raybestos-Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981))), rejected the employer's argument that ERISA preempted the plaintiff's claim by stating that

**1480**

his complaint should not be preempted because, simply put, the premise underlying this action was that plaintiff was deceived by the verbal statements made and the actions taken by his employer. That the subject of the deception concerned pension benefits is only incidental and not essential to the plaintiff's cause of action.... [P]laintiff's employer's promise to provide the plaintiff with certain benefits at some unknown time in the future, upon which plaintiff could reasonably rely, is the essence of the fraud alleged.

*Id.* at 742.

In *Morningstar,* the court came to a similar conclusion regarding the plaintiff's state law breach of contract claim, explaining that the claim was to recover not lost employee benefits, but rather the value of plaintiff's lost employment. The court determined that the fact that a valuation of the plaintiff's lost employment would necessarily include a valuation of her lost benefits did not render her claim sufficiently "relate[d] to" the defendant's employee benefits plan so as to be preempted by ERISA. *See* 662 F.Supp. at 557.

Although the claims raised here clearly relate in subject matter to defendant's pension plan, a resolution of the claims will neither "determine whether any benefits are paid" nor "directly affect the administration of benefits under the plan." *Gilbert, supra,* at 327. Therefore the claims do not invoke state law preempted by ERISA. Defendant's motion for summary judgment is denied.

So ordered.