Bruce L. HAGGARD

v.

**ARMSTRONG RUBBER COMPANY and S & A Truck Tire Sales Service.**

Civ. A. No. 90–440–B.

United States District Court, M.D. Louisiana.

July 9, 1991.

Randall G. Wells, Baton Rouge, La., for plaintiff.

William R. D'Armond, G. Blane Clark, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, La., for defendants.

## RULING ON MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

Bruce Haggard originally filed this suit in state court seeking to recover additional pension benefits from his former employer, Condere Corporation, formally S & A Truck Tire Sales and Service Corporation (S & A), a wholly owned subsidiary of Pirelli Armstrong Tire Company (Pirelli).[1] The plaintiff contends the defendants are liable to him for breach of contract under Louisiana law. The defendants timely removed this suit to federal court. This matter is currently before the Court on the defendants' motion for summary judgment.[2]

Haggard was initially employed by Sears, Roebuck & Company (Sears) at its truck tire store in Baton Rouge, Louisiana, for approximately 21 years. On July 1, 1984, Sears sold the assets of the Baton Rouge tire store, where the plaintiff was employed, to S & A. Prior to the transfer of the assets, S & A interviewed Haggard and offered him a management position in the Baton Rouge store. Haggard accepted the position and began work on July 1, 1984. After working approximately sixteen months with S & A, Haggard's employment was terminated on November 8, 1985.

During the time Haggard was employed by S & A, S & A maintained a pension plan (the Plan) for eligible employees, which included Haggard. After Haggard was terminated, the defendants offered to pay him an amount based on the 16 months service he had with S & A, in accordance with the terms of the Plan. The plaintiff rejected the defendants' offer and filed this suit contending that an S & A official, who interviewed him, made oral representations that the plaintiff's 21 years of service with Sears were to be included in the calculation of his monthly pension.

The defendants have now filed a motion for summary judgment which is based on the following grounds: (1) the written terms of the Plan support the defendants' method of calculating the plaintiff's benefits; (2) the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.*, preempts the plaintiff's state law cause of action for breach of

---

**1.** At all times relative to this dispute, all the common stock of S & A, and later Condere, was owned by Armstrong Rubber Company. Subsequent to the plaintiff's termination of employment, Armstrong Rubber Company merged into Pirelli Armstrong Tire Corporation.

**2.** The Court has jurisdiction under both diversity and federal question subject matter, under 28 U.S.C. §§ 1331 and 1332; venue is proper pursuant to 28 U.S.C. § 1391.

contract; and (3) ERISA precludes any cause of action based on oral or verbal representations, agreements, or modifications.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [3] To oppose the granting of summary judgment, Rule 56(e) provides that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, ... [instead, the defending party], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." When all the evidence presented by both parties could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.[4]

■ Under the clear and unambiguous terms of the Plan, the plaintiff has no cause of action against the defendants under the facts of this case. The Plan clearly and unambiguously provides that the plaintiff's prior service with Sears shall be considered for "vesting and eligibility only," but shall not be considered in the calculation of the monthly pension payments.[5] Thus, the Court finds that the defendants correctly calculated Haggard's monthly pension amount, using 16 months for "credited service."

Haggard argues that during his interview with the S & A representative, he was told that his prior service with Sears would be included in the calculation formula. Based on this argument, the plaintiff contends that he is entitled to recover the benefits sought herein for breach of contract or breach of an oral modification or agreement to the Plan under Louisiana law.

## I. The State Law Breach of Contract Cause of Action is Preempted by ERISA.

■ The Plan involved in this dispute is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* The Act contains a preemption clause which provides in Section 1144(a), that

> the provisions of this subchapter ... shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan.... [6]

Therefore, the Court must determine whether the state law cause of action for breach of contract is preempted under ERISA. The resolution of this question turns on proper construction of the preemption clause.

■ The underlying purpose of ERISA is to "establish pension plan regulations as exclusively a federal concern."[7] The Supreme Court has stated that the preemption clause of ERISA is be construed broadly.[8] The Court has held that the

---

**3.** Fed.R.Civ.P. 56(c); *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Fontenot v. Upjohn Co.,* 780 F.2d 1190 (5th Cir.1986).

**4.** *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

**5.** *See* S & A Truck Tire Sales And Service Corporation Pension Plan Agreement, Article I, § 1.11, Article III, § 3.02, and Article VI, § 6.02, Defendant's Memorandum in Support of Summary Judgment, Exhibit A [hereinafter *Plan* ].

Section 1.11, entitled "Credited Service," provides, in pertinent part:

For purposes of vesting and eligibility only, if an Employee terminated employment with

SEARS, ROEBUCK & CO. to work for the Employer, by reason of the purchase of the Sears Truck Tire Centers by the Armstrong Rubber Company [now Pirelli] in 1984, Credited Service shall also include periods of employment with SEARS, ROEBUCK & CO. which would qualify as Credited Service if it were rendered to the Employer.

**6.** 29 U.S.C. § 1144(a) (emphasis added).

**7.** *Lee v. E.I. DuPont de Nemours and Co.,* 894 F.2d 755, 756 (5th Cir.1990); *Hartle v. Packard Elec.,* 877 F.2d 354, 355 (5th Cir.1989).

**8.** *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985); *see also Jackson v. Martin Marietta Corp.,* 805 F.2d 1498, 1499 (11th Cir. 1986).

phrase "relate to" is to be given a "board common-sense meaning."[9] Thus, a state law claim is preempted "if it has a connection with or reference to such a plan."[10] Under this broad construction, the determination of whether a state law is preempted under ERISA "depends on the conduct to which such law is applied, not on the form or label of the law".[11] Further, preemption applies even to a state law claim having an indirect bearing on a private pension.[12] Because of the breadth of ERISA's preemption clause, the courts have found few state law causes of action to be beyond its scope.[13]

The plaintiff contends that the oral representations allegedly made by the S & A representative constitute a state law contract which was breached by the defendants. In *Cefalu v. B.F. Goodrich*, the Fifth Circuit addressed the relationship between the ERISA preemption clause and a state law breach of contract action.[14] In this factually similar case, the plaintiff brought a state law claim for breach of contract, based on oral representations made to him by a company official. Although the defendant was paying the proper monthly pension amount due under the terms of the benefit plan, the plaintiff argued that he was orally assured of a greater amount.

The Fifth Circuit found that the plaintiff's state law claim had a "connection with or reference to" the defendant's benefit plan because if successful, Cefalu's damages could only be computed by reference to the ERISA plan.[15] The court found that such a reference to the plan caused Cefalu's state law claim for breach of contract claim to "relate to" the plan and, thereby, was preempted by Section 1144(a) of ERISA.

Haggard's claim in this case is very similar. Haggard is seeking additional monetary benefits under the Plan. Consequently, if he were successful, his damages can only be measured by referring to the Plan. Therefore, following *Cefalu*, the Court finds that the plaintiff's state law cause of action for breach of contract is preempted by ERISA.

II. The Alleged Oral Agreement is Unenforceable Under ERISA.

■ Haggard also contends that an S & A representative allegedly made oral representations to him which he relied on to make his employment decision. Haggard argues that these oral representations constituted a modification or agreement to the written Plan. In response to the plaintiff's argument, the defendants contend that the claim based on an oral modification or agreement should be rejected because: (1) the clear and specific provisions of the Plan explicitly prohibit any oral modifications or agreement; and, (2) the provisions of ERISA preclude any oral modifications to a Plan or oral ERISA agreements.[16]

■ Section 1102(a)(1) of ERISA provides that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument."[17] Relying on Section 1102(a)(1) and the underlying policy behind this section, the Fifth Circuit, in *Cefalu*, held:

We find that oral agreements or modifications to a pension plan are contrary to the express provision of ERISA. Therefore, we conclude that any oral agreements or modifications relied on by the

9. *Pilot Life Ins. v. Dedeaux,* 481 U.S. 41, 47, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987); *Metropolitan Life,* 471 U.S. at 739, 105 S.Ct. at 2389; *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983).

10. *Id.*

11. *Scott v. Gulf Oil Corp.,* 754 F.2d 1499, 1504 (9th Cir.1985).

12. *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 525, 101 S.Ct. 1895, 1907, 68 L.Ed.2d 402 (1981).

13. *Jackson,* 805 F.2d at 1499.

14. 871 F.2d 1290 (5th Cir.1989).

15. *Id.* at 1294.

16. In accordance with 29 U.S.C. § 1102(b)(3), the S & A pension plan has specific provision regulating the amendment of the Plan's terms. *See Plan,* Article VIII, § 8.01, *supra* note 5.

17. 29 U.S.C. § 1102(a)(1).

appellant [Cefalu] cannot support his claim for recovery herein. . . .

\* \* \* \* \* \*

Thus, § 1102(a)(1) precludes the creation of a cause of action based on an oral contract under ERISA.[18]

Therefore, in accordance with the Fifth Circuit's "no oral modification rule," ERISA prohibits any cause of action based upon oral modifications or agreements to a written plan.[19]

Haggard attempts to distinguish the Fifth Circuit's holding in *Cefalu* by arguing that *Cefalu* is factually distinguishable. Haggard contends that the representations made by the S & A representative at his interview created a *new* pension plan agreement, rather than a mere modification of the existing pension plan. In support of his argument, the plaintiff contends: (1) ERISA does not prohibit an orally *created* pension plan, relying on 29 U.S.C. § 1002(2)(A) and *Scott v. Gulf Oil Company;*[20] and, (2) he was not given a copy of the Plan until after he had resigned from Sears and accepted a position with S & A and, therefore, was forced to rely solely on the explanation and assurances given to him by the S & A representative at his interview for employment and a misleading written plan summary. Based on these facts and his reliance on the written and alleged oral representations made to him, the plaintiff contends that a new oral pension plan was created, supplanting the written Plan. The plaintiff further contends that this so-called new plan, which is supposedly based on the oral assertions and the misleading plan summary, requires the plaintiff's prior service with Sears to be included in calculating his monthly pension.

The plaintiff relies on Section 1002(2)(A) of ERISA, which provides that a pension plan can be established by the employer by "express terms or *as a result of surrounding circumstances.*"[21] In *Scott*, the Ninth Circuit held "that the existence of a written instrument is not a prerequisite to ERISA coverage."[22] The Ninth Circuit limited the "written instrument" requirement of Section 1102(a)(1) to the fiduciary duties of the pension plan. Further, the Ninth Circuit stated that failure to meet the writing requirement in Section 1102(a)(1) did not prevent coverage under ERISA.[23] Therefore, the plaintiff contends that *Cefalu* is not applicable because a new ERISA covered benefit plan was orally created "as a result of the surrounding circumstances" and he had not been provided a copy of the Plan. The Court finds the plaintiff's argument, although novel, is without merit.

■ The Court finds that *Scott* is not applicable under the facts presented in this case for a number of reasons. In determining whether an oral pension plan has been effectively created, the Court must consider the facts and circumstances in connection with the "no oral modification rule" set forth in *Cefalu*. Under *Cefalu*, an orally created pension plan under Section 1002(2)(A) can only occur in a situation where the was *no* written pension or benefit plan in existence. Consequently, if a written plan existed, as is reflected under the facts of this case, any orally-created pension plan which was created to supplant the written pension plan would in reality constitute a modification of the written

**18.** 871 F.2d at 1296–97.

**19.** *See also Degan v. Ford Motor Co.,* 869 F.2d 889, 895 (5th Cir.1989); *Perkins v. Time Ins. Co.,* 898 F.2d 470, 473 (5th Cir.1990); *Frank v. Colt Indus., Inc.,* 910 F.2d 90, 98 (3d Cir.1990); *Straub v. Western Union Tele. Co.,* 851 F.2d 1262, 1265 (10th Cir.1988); *Nachwalter v. Christie,* 805 F.2d 956, 960 (11th Cir.1986); *Morales v. Pan American Life Ins. Co.,* 718 F.Supp. 1297, 1301 (E.D.La.1989), *aff'd,* 914 F.2d 83 (5th Cir.1990).

**20.** 754 F.2d 1499 (9th Cir.1985).

**21.** 29 U.S.C. § 1002(2)(A) (emphasis added).

**22.** 754 F.2d at 1503 (agreeing with the Eleventh Circuit's opinion in *Donovan v. Dillingham,* 688 F.2d 1367, 1372 (11th Cir.1982) (*en banc* )). *See also Memorial Hosp. System v. Northbrook Life Ins. Co.,* 904 F.2d 236 (5th Cir.1990).

**23.** *Id.* at 1503–04; *Donovan,* 688 F.2d at 1372. In *Donovan,* the Eleventh Circuit held that mere allegations that the employer decided to provide a benefit plan was not enough to invoke ERISA. *Id.* at 1372–73.

plan and could not be enforced under *Cefalu*. Therefore, the Court finds that even if the alleged representations were made to the plaintiff, they are oral modifications to a written pension plan and unenforceable under ERISA.[24]

▮▮▮ Haggard admits that he received a written summary plan description at the time the oral representations were allegedly made,[25] but claims he was not given a copy of the complete pension plan. The Court finds that whether or not the plaintiff received a copy of the complete pension plan has no bearing on the issues before this Court. ERISA does not require the employer to give employees the complete text of the pension plan. The Act only requires that a summary description of the plan be given.[26] The plaintiff contends that the summary plan explanation of the manner in which pension benefits are calculated was misleading when compared to the terms of the actual plan.[27] Haggard argues that an average participant reading the summary plan would believe that the prior years service with Sears was included in the determination of the monthly pension amount. The Court disagrees.

The "S & A Tire Sales and Service Centers Pension Program Summary" states the following regarding an employees prior service with Sears:

SEARS SERVICE RECOGNITION:

For those Sears employees who join S & A at the time of acquisition, the plan will recognize previous full time service with Sears for purposes of participation eligibility and vesting.

Example: Alfred Mentor is age Fifty-eight (58) and has Twenty–five (25) years of service with Sears as of 4/30/84. Mr. Mentor is immediately eligible for enrollment in the plan, is also 100 percent vested in the plan, and is eligible to receive an early retirement for S & A service since he has over Ten (10) years of service and is over age Fifty-five (55).[28]

The Court finds that the summary plan description and explanation of the treatment of an employee's prior years service with Sears are clear and unambiguous and consistent with the terms of the Plan. The summary plan description provided to the plaintiff also complies with the provisions of ERISA. Consequently, the plaintiff's reliance on an oral agreement or oral modification argument is without merit.

### III. Conclusion.

The Court finds that the plaintiff's state law claim for breach of contract is preempted by ERISA. The Court also finds that the plaintiff's claim that there was oral agreement or modification which created a new plan is without merit. Therefore, the defendants' motion for summary judgment must be granted as a matter of fact and law.

Therefore:

IT IS ORDERED that the motion of Pirelli Armstrong Tire Company and Condere Corporation for summary judgment be and

---

**24.** As part of his argument, the plaintiff stated that he relied on the representations made to him to make his employment decision. In *Degan v. Ford Motor Co.*, 869 F.2d 889 (5th Cir. 1989), the Fifth Circuit refused to enforce an oral agreement to an ERISA under the theory of promissory estoppel. The court held that recognizing estoppel under ERISA

> would threaten the stability and solvency of many plans upon which so many other employees are dependent. Hence, we join the other circuits that have held, consistently with the words of the statute, that ERISA precludes oral modification to benefit plans and that claims of promissory estoppel are not cognizable in suits seeking to enforce right to pension benefits.

*Id.* at 895 (footnote omitted). Therefore, the plaintiff's reliance on the alleged oral represen-

tations will not create, on its own, a modification or agreement to the Plan.

**25.** *See* Deposition of Bruce L. Haggard, at 45.

**26.** 29 U.S.C. § 1022(a)(1), which requires "[a] summary plan description of any employee benefit plan shall be furnished to participants...."

**27.** *See Edwards v. State Farm Mutual Automobile Ins. Co.*, 851 F.2d 134, 136 (6th Cir.1988), which provides that if the statements in the summary plan description are conflicts with the actual terms of the plan, the summary terms shall govern.

**28.** Exhibit B of Defendant's Memorandum in Support of Summary Judgment and Exhibit 3 of Plaintiff's Opposition to Summary Judgment.

it is hereby GRANTED. Judgment shall be entered dismissing the plaintiff's suit with prejudice at plaintiff's costs.