**Carol J. ANGLUND, Plaintiff,**

v.

**AMERICAN TELEPHONE AND TELEGRAPH COMPANY, a New York corporation, Defendant.**

Civ. A. No. 92–Z–312.

United States District Court,
D. Colorado.

June 30, 1993.

John Whitehouse Cobb, Nathan L. Stone, Boulder, CO, for plaintiff.

Elizabeth Kiovsky, Lee Dale, Denver, CO, for defendant.

## JUDGMENT OF DISMISSAL

WEINSHIENK, District Judge.

This matter was before the Court on June 23, 1993, for oral argument on Objections To Recommendation Of United States Magistrate Judge. The Court heard the arguments and statements of counsel and made oral conclusions of law which are incorporated herein by reference as if fully set forth. Accordingly, it is

ORDERED that the Court adopts and accepts Chief Magistrate Judge Abram's recommendation entered on April 9, 1993. It is

FURTHER ORDERED that defendant's Motion For Summary Judgment is granted. It is

FURTHER ORDERED that judgment is entered in favor of defendant and against plaintiff for dismissal. It is

FURTHER ORDERED that Plaintiff's Motion To Remand For Want Of Federal Jurisdiction Or, In The Alternative, Motion For Partial Summary Judgment On The Issue Of Preemption And Request For Oral Argument is denied. It is

FURTHER ORDERED that the Complaint and cause of action are dismissed with prejudice. It is

FURTHER ORDERED that the parties shall pay their own costs. It is

FURTHER ORDERED that the trial date of July 26, 1993 is vacated.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

ABRAM, Chief United States Magistrate Judge.

This matter comes before Chief United States Magistrate Judge Donald E. Abram pursuant to Plaintiff's Motion to Remand for Want of Federal Jurisdiction, or in the Alternative, for Partial Summary Judgment on the Issue of Preemption and Defendant's Motion for Summary Judgment.

Pursuant to D.C.COLO.LR 72.1 and 72.3 and 28 U.S.C. § 636(b)(1)(B), this matter has been referred to Magistrate Judge Donald E. Abram. The Magistrate Judge has reviewed the briefs and heard oral argument and hereby makes the following recommendation.

### FACTS

The facts are fairly simple and for the most part, uncontested. Plaintiff has been employed at various companies over the last twenty-nine years, as set out in the following list:

| | |
|---|---|
| Ohio Bell | 7–13–64 through 3–16–69 |
| Mountain Bell | 3–17–69 through 1–15–74 |
| Beech Aircraft | 12–15–80 through 3–8–85 |
| AT & T | 3–11–85 through the present |

At issue in this case is her leaving employment at Beech for a job at AT & T, which paid her $100 less.

In 1985, Beech was planning to close its Boulder office and move to its corporate headquarters in Wichita, Kansas. Plaintiff's husband was employed in the area, and they both wanted to stay. Therefore, Plaintiff began looking for other work. She had applications on file with IBM and AT & T and, in February 1985, interviewed with Beverly Steele of AT & T. Ms. Steele made representations to Plaintiff that it would be possible to "bridge" her service time to include her prior employment at Ohio Bell and Mountain Bell. She was later offered the job, and she accepted and has been employed there since.

In 1989, Plaintiff contacted the local Benefits Office to inquire about bridging her service, and they informed her that it was not possible. She exhausted all of her company-wide appeals and filed this suit in state court. Her Boulder County District Court suit alleged breach of contract, fraud, negligent misrepresentation, estoppel and implied contract claims. On February 19, 1992, Defendant filed a Notice of Removal, citing preemption by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., and federal question jurisdiction. Thereafter, Plaintiff filed the present motion, and Defendant responded with its own motion.

### SUMMARY JUDGMENT

Granting summary judgment is appropriate when the pleadings, depositions, answers

to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Redmon v. United States,* 934 F.2d 1151, 1155 (10th Cir.1991); *Devery Implement Company v. J.I Case Company,* 944 F.2d 724, 726 (10th Cir.1991); *Ash Creek Mining Co. v. Lujan,* 934 F.2d 240, 242 (10th Cir.1991); *Continental Casualty Co. v. P.D.C., Inc.,* 931 F.2d 1429, 1430 (10th Cir. 1991). Summary judgment may be granted if the court concludes that no "rational trier of fact" could find for the nonmoving party based on the showing made in the motion and response. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

After the moving party has come forward with the motion showing no issue of fact for trial, the party resisting a summary judgment motion must "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his (pleadings), but must respond with specific facts showing the existence of a genuine factual issue to be tried." *Donovan v. Gingerbread House, Inc.,* 536 F.Supp. 627, 630 (D.Colo.1982), quoting *Coleman v. Darden,* 595 F.2d 533, 536 (10th Cir.1979), *cert. denied,* 444 U.S. 927, 100 S.Ct. 267, 62 L.Ed.2d 184 (1979). The finding of no factual issue must be based upon the record as a whole. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. at 587, 106 S.Ct. at 1356.

It is the nonmoving party's burden to show that there are genuine issues of material fact to be determined. *Celotex Corp. v. Catrett,* 477 U.S. 317, 320, 106 S.Ct. 2548, 2551, 91 L.Ed.2d 265 (1986). The court must view the evidence and its reasonable inferences in the light most favorable to the party who opposes the motion for summary judgment. *Palermo v. First National Bank and Trust Co.,* 894 F.2d 363, 365 (10th Cir.1990). Evidence that is merely colorable or not significantly probative is inadequate to withstand a summary judgment motion. *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Redmon v. United States,* 934 F.2d at 1155. Immaterial factual disputes will not defeat a motion for summary judgment. *Palermo v. First National Bank and Trust Co.,* 894 F.2d at 366; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A fact is material if it may affect the outcome of the case, and a dispute is genuine if its resolution requires a trial. *See e.g. Ortega–Rosario v. Alvarado–Ortiz,* 917 F.2d 71, 73 (1st Cir.1990).

### ANALYSIS

The resolution of this matter turns on whether Plaintiff's claims are preempted by ERISA. If they are preempted, then Defendant argues that it is entitled to summary judgment. If they are not preempted, then remand to the Boulder District Court is proper because no federal question will remain.

■ The Supreme Court has held that an ERISA preemption defense confers both subject matter and removal jurisdiction, despite the general rule that a federal question must appear on the face of the complaint. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Therefore, jurisdiction is proper over this action.

ERISA specifically provides that it preempts all state laws, if they "relate to" an employee benefit plan:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a). This preemption provision provides that uniform federal regulation of benefit plans exists. *District of Columbia v. Greater Washington Bd. of Trade,* —— U.S. ——, ——, 113 S.Ct. 580, 582, 121 L.Ed.2d 513 (1992). And ERISA preemption is deliberately broad and expansive. *FMC*

*Corp. v. Holliday,* 498 U.S. 52, 56–58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990).

The key phrase in § 1144(a) is "relate to." The Supreme Court has held that a law relates to a benefit plan "if it has a connection with or a reference to such a plan." *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985). "Relate to" is defined in plain language; it is given its common-sense meaning. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1987). "ERISA preempts any state law that refers to or has a connection with covered benefit plans (and that does not fall within a § 514(b) exception) 'even if the law is not specifically designed to affect such plans, or the effect is only indirect,' and even if the law is 'consistent with ERISA's substantive requirements.'" *Greater Washington Bd. of Trade,* —— U.S. at ——, 113 S.Ct. at 583 [citations omitted]. Additionally, the Tenth Circuit has given a broad meaning to the term "relate to," including common law tort and breach of contract claims if the facts involve an employee benefit plan. *Settles v. Golden Rule Ins. Co.,* 927 F.2d 505, 509 (10th Cir.1991).

■ In support of her claim that the state laws upon which this suit is brought do not "relate to" an employee benefit plan, Plaintiff cites *Greenblatt v. Budd Co.,* 666 F.Supp. 735 (E.D.Pa.1987); *Sandler v. New York News, Inc.,* 721 F.Supp. 506 (S.D.N.Y.1989); and *McNamee v. Bethlehem Steel Corp.,* 692 F.Supp. 1477 (E.D.N.Y.1988). In *Greenblatt,* the plaintiff claimed that the defendant misrepresented the pension benefits that plaintiff was to receive. The court held that ERISA did not preempt the cause of action because pension benefits were "only incidental and not essential to the plaintiff's cause of action." 666 F.Supp. at 742. Further, the Court stated that the alleged misrepresentations were made by plaintiff's superiors as employers, not as plan fiduciaries; that damages will be paid out of the company's account, not the benefit plan; and that plaintiff would be without a remedy under ERISA. *Id.*

In *Sandler,* the Court held that a claim for detrimental reliance against an employer who falsely overestimated an employee's monthly pension benefits, encouraging that employee to voluntarily retire, was not preempted by ERISA. The Court held that because that legal theory bears a tangential relationship to the policies of ERISA, then ERISA does not preempt it. 721 F.Supp. at 513. Additionally, the Court stated that the plaintiff's claim did not seek benefits under the plan, did not name plan administrators, and was based upon a misrepresentation made during the ordinary course of business. *Id.* at 514.

Finally, in *McNamee,* in facts similar to this case, a plaintiff brought suit to recover for losses suffered when he found out he could not bridge his prior service, as was represented to him at the interview. The Court held that this cause of action was not preempted by ERISA because plaintiff sought the value of his lost employment, not his pension benefits. 692 F.Supp. at 1479–80.

While this Circuit has not addressed the propriety of these cases, other circuits have rejected them. The Seventh Circuit has rejected *Greenblatt* in holding that an employee's claim that he was entitled to credit for prior service with a company after returning to work was preempted by ERISA. *Lister v. Stark,* 890 F.2d 941 (7th Cir.1989). In *Lister,* like here, the defendant had promised plaintiff that he would receive credit for prior service, even though he had left for a period of time and such a promise contradicted the terms of the pension plan. *Id.* at 943. The Seventh Circuit expressly rejected *Greenblatt,* holding that the plaintiff's claims were preempted by ERISA: "*Greenblatt* ... is not critically distinguishable from the instant case; however, we agree with [District] Judge Marovich's decision to decline to follow *Greenblatt* here." *Id.* at 945–46.

The Fifth Circuit has also expressly rejected *Greenblatt. Christopher v. Mobil Oil Corp.,* 950 F.2d 1209, 1219, n. 3 (5th Cir. 1992). In *Christopher,* the Fifth Circuit held that the state law claims of plaintiffs for fraud, civil conspiracy, and breach of contract were all preempted by ERISA in an action for concealment of pension plan provisions. *Id.* The Fifth Circuit has also held that

ERISA preempted a claim by a plaintiff suing the employer, not the plan; seeking recovery from the company, not the assets of the plan; and seeking recovery for a breached oral contract unrelated to the plan. *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290 (5th Cir.1989).

The Tenth Circuit has held that the ERISA preemption provision is broad and expansive. *Straub v. Western Union Tel. Co.*, 851 F.2d 1262 (10th Cir.1988). In *Straub*, the plaintiff was transferred to a subsidiary of the defendant and was told that he would receive the same pension benefits as he was entitled to before. This promise went unfulfilled, and plaintiff sued for breach of contract and negligent misrepresentation. The Circuit affirmed the District Court's entry of summary judgment on the basis that the claims were preempted by ERISA. *Id.*

A District Court in this Circuit has held that pre-employment promises of benefits "relate to" the benefit plan and any state claim arising out of those promises is preempted by ERISA. *Carter v. Amax Coal Corp.*, 748 F.Supp. 812 (D.Utah 1990). In *Carter*, plaintiffs were approached by defendants prior to the purchase of Price River Coal Company by defendants, and they were urged to work for defendants and promised that they would be given full credit for their prior service with Price River Coal Company. After they began working for defendants, the plaintiffs found out that the representations made to them would not come to fruition and they sued under various state law claims. The Court held that these claims were all preempted by ERISA. *Id.* The Court held that the promises "related to" the benefit plan, even though they were made before employment began. *Id.* at 815. The Court also rejected plaintiffs' claims that preemption did not apply because they would be without a remedy under ERISA and that the promises were not sufficiently "related to" the benefit plan. *Id.* at 816–18. The Court expressly rejected the reasoning in *Greenblatt* and followed *Straub* and *Cefalu.*

In this case, plaintiff's eligibility for "bridging" of prior service, which would then entitle her to greater benefits under the pension plan, is directly at issue. Plaintiff's claims do depend almost entirely upon the existence of the employee benefit plan. As Magistrate Judge Cohen from the District of Maine noted in his March 25, 1993 Recommendation, regarding the same defendant and almost identical facts:

> "Net Credited Service" (or, more specifically, "term of employment" and "years and months of service") is the basis for determining pension plan eligibility and the date for distribution. The provisions for "bridging" are part of the plan. If the plaintiff had received the "net credited service" she expected, she would have been eligible to retire and collect her pension at an earlier date. As the plaintiff correctly states, while the court may not have to refer to the plan to compute damages, it must nonetheless refer to the plan to assess their availability. [citations omitted]

*Kelly v. American Tel. & Tel. Co.*, slip op., No. 92–179–P–H at pp. 10–11, 1993 WL 206289 at *4 (D.Maine March 25, 1993). The statement by Magistrate Judge Cohen is factually accurate when applied to this case. Like *Kelly*, the claims in this case are tied to the benefit plan, and as such depend on the very existence of the plan. The claims therefore "relate to" the plan and are preempted by ERISA.

Plaintiff cites *Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc.* as support for her contention that her claims are not preempted by ERISA. In *Hospice*, the Tenth Circuit held that the Plaintiff was not a participant or a beneficiary to the plan. *Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc.*, 944 F.2d 752, 755 (10th Cir.1991). "An action brought by a health care provider to recover promised payment from an insurance carrier is distinct from an action brought by a plan participant against the insurer seeking recovery of benefits due under the terms of the insurance plan." *Id.* at 756. In this case, Plaintiff is a potential or actual plan participant, which is materially different from a health care provider as a plaintiff. *Hospice* therefore provides support for the proposition that ERISA preempts the state law alternative claims brought by Plaintiff.

Plaintiff also argued that because she seeks reliance and expectation damages, not the value of the benefits, then her case is distinguishable from the others cited above. Making a distinction between these damages has little to do with this decision. This decision rests on the undisputed fact that had plaintiff been able to "bridge" her service, as promised, then her benefits would have been greater. This link from the actions complained of, the state laws sued under and the benefit plan itself, provides the sufficient nexus so that the state laws "relate to" the benefit plan and require preemption by ERISA.

Plaintiff also cites *Miller v. Coastal Corp.*, 978 F.2d 622 (10th Cir.1992), in support of her claim that because she is seeking reliance and expectation damages, her claims are not preempted by ERISA. This Court finds no such support in *Miller*. Finally, she refers to *Peckham v. Gem State Mutual of Utah*, 964 F.2d 1043 (10th Cir.1992), to support the same proposition. *Peckham*, like *Miller*, offers no support to Plaintiff's assertion. Clearly, Plaintiff has attempted to make a distinction in the factual situation of her case where there is none. The weight of authority tips heavily against Plaintiff's claim here.

The Plaintiff also asserted policy arguments during the hearing that warrant discussion. Because the policies of ERISA are to maintain the integrity of the plan and avoid inconsistent application of it, Plaintiff argued, then the Court should hold that the state claims are not preempted by ERISA. While correct on the assertion of the policies to be protected by ERISA, Plaintiff is incorrect as to the result of this Recommendation. By not allowing oral modifications of the plan, made either before, during or after employment, this Court is helping maintain the integrity of the plan. Any other result would impugn its integrity. An employee would not only have to become familiar with the plan itself, but also any oral or written modifications made by employees, supervisors, interviewers, or countless others in a position to do so. ERISA plainly prohibits such a result.

Similarly, consistency is maintained if employees are not allowed to bring state law claims, of which there are obviously fifty possibilities, when their claims relate to the subject matter of ERISA. By holding these claims are preempted by ERISA, this Court is furthering the policy that Congress intended. One regulatory scheme will determine this country's pension plan disputes. Again, regarding these policies, the Court could not hold any other way.

Finally, Plaintiff's reliance on District Court cases from other districts and her assertion that Magistrate Judge Cohen's reasoning is wrong are incorrect. In the face of Tenth Circuit Court of Appeals decisions to the contrary, and more specifically in Fifth and Seventh Circuit decisions, this Court cannot accept Plaintiff's assertions in this regard.

### CONCLUSION

This Court finds that Plaintiff's state law claims are preempted by ERISA as a matter of law. Furthermore, no question of material fact exists. Based on the record as a whole and the relevant law, summary judgment is appropriate. Because Plaintiff's state law claims are preempted by ERISA and because Plaintiff has not pleaded an ERISA claim, her motion should be denied and Defendant's motion should be granted.

IT IS THEREFORE RECOMMENDED that Defendant's Motion for Summary Judgment be hereby GRANTED.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion to Remand, or in the Alternative, for Partial Summary Judgment as to the Issue of Preemption be hereby denied.

FURTHER, IT IS ORDERED that pursuant to Fed.R.Civ.P. 72(b), the parties herein shall have ten (10) days after service hereof to serve and file written, specific objections hereto. If no such objections are timely filed, the Magistrate's proposed findings and recommendations may be accepted by the District Judge and appropriate orders entered without further notice.

Dated at Denver, Colorado this 9th day of April, 1993.