**Robert TOTTON, et al.**

**v.**

**NEW YORK LIFE INSURANCE CO.**

**Civ. No. N–87–244 (PCD).**

United States District Court,
D. Connecticut.

Ruling on Motion to Dismiss
Nov. 4, 1987.

Ruling on Motion for Reconsideration
March 31, 1988.

David N. Rosen, Michael O. Sheehan, Sheehan & Solomon, New Haven, Conn., for plaintiffs.

Felix Springer, Day, Berry & Howard, Hartford, Conn., for defendant.

## RULING ON MOTION TO DISMISS

DORSEY, District Judge.

Plaintiffs claim that defendant breached their employment contracts by wrongfully terminating them. Plaintiffs allege they were covered by N6 employment contracts which required them to produce a minimum of $100,000 in insurance policies per year. Complaint at ¶ 10a. In exchange, plaintiffs were compensated "in accordance with the amount of premiums paid and the dollar value of insurance policies successfully solicited." *Id.* at ¶ 9. The N6 contracts also provided for "vested pension benefits after 20 years," *id.* at ¶ 10a, later amended to ten years for plaintiff Totton. Plaintiffs claim that defendant promised employment as long as they met their minimum production levels. Plaintiffs further allege that they were terminated on October 21, 1986, without cause, and in violation of their N6 contracts. Plaintiffs claim injury to their reputation, loss of income, loss of future

earnings, and loss of future pension benefits.

Defendant moves to dismiss arguing that plaintiffs' claims are preempted under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Defendant argues that, although plaintiffs have "style[d] their complaint as sounding in 'contract,' the only term of the alleged contract is that the defendant will provide vested pension benefits under enumerated circumstances." Defendant's Memorandum at 3. In response, plaintiffs argue that they have not alleged a denial of pension benefits, but a breach of an employment contract. Loss of pension benefits was just one result of that breach. Plaintiffs' Memorandum at 2.

The law of preemption under ERISA was succinctly stated in *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1663–64 (11th Cir. 1987), and need not be repeated. *See Rebaldo v. Cuomo*, 749 F.2d 133 (2d Cir.1984), *cert. denied*, 472 U.S. 1008, 105 S.Ct. 2702, 86 L.Ed.2d 718 (1985).

For purposes of a motion to dismiss, the allegations of the complaint are taken to be true. *Fine v. City of New York*, 529 F.2d 70, 75 (2d Cir.1975). Despite defendant's reading to the contrary, plaintiffs have stated a claim for breach of an employment contract. Complaint at ¶¶ 10(a), 12, 13. It is important to note that the N6 contracts have not been made part of the record and defendant has not moved under Fed.R.Civ.P. 56. Thus, since plaintiffs have claimed that those contracts restricted defendant's right to terminate their employment, rather than affect their interest in pension benefits, and, since such claim must be taken to be true, defendant has not met its burden of establishing a basis for preemption as to plaintiffs' claims for breach of their employment contracts. However, to the extent plaintiffs are seeking to assert a claim of breach of contract as it affected their pension rights, or to the extent pension benefits are claimed as an item of damages, plaintiffs' claims are preempted. As noted, the law is well settled that to the extent a state law claim relates to an employee benefit plan it is preempted. *Howard*, 807 F.2d at 1564; *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1095 (9th Cir.1985). Indeed, the relationship of plaintiffs' claims in this case to the pension plan is made abundantly clear by review of the amended complaint in *Totton v. New York Life Ins. Co.*, 682 F.Supp. 731 (Conn.1987), Civil No. N–87–245 (AHN).[1] Based on the same factual allegation, plaintiffs there claim that defendants' termination of plaintiffs' employment was done for the purpose of interfering with plaintiffs' pension rights. Plaintiffs, however, argue that the two cases cannot be compared inasmuch as to prove their claim in Civil No. N–87–245 they will have to "demonstrate that their employer's conduct was motivated by a specific intent to interfere with a person's future pension benefits." Plaintiffs' Memorandum at 3, citing *Guvalik v. Continental Can Co.*, 812 F.2d 834, 851–52 (3d Cir.1987). While plaintiffs are correct in arguing that a showing of specific intent is necessary, what they fail to notice is that the same facts which allegedly demonstrate that such a showing has been met in Civil No. 87–245 allegedly provide the basis in Civil No. 87–244 for an award of lost pension benefits.

Accordingly, to the extent plaintiffs claim solely a breach of employment contract, defendant's motion is denied. To the extent, however, plaintiffs have claimed that defendant violated their pension rights and to the extent they are claiming lost pension benefits as an item of damage the motion is granted. Furthermore, in view of the similarity between Civil No. N–87–244 and Civil No. N–87–245, and with the consent of Judge Nevas, Civil No. N–87–245 is hereby transferred to the docket of the undersigned and consolidated with Civil No. N–87–244 for all purposes. Plaintiffs shall file a single amended complaint on or before November 20, 1987, reflecting their

1. Defendants in Civil No. N–87–245 consist of New York Life Insurance Company and three of its principals.

claims in both cases, subject to the dismissals herein ordered.

SO ORDERED.

### RULING ON MOTION FOR RECONSIDERATION

On November 4, 1987, in the Ruling on Motion to Dismiss ("Ruling"), defendant's motion, based on a claim of preemption under the Employee Retirement Income Security Act ("ERISA"), was denied to the extent the complaint was deemed to state a claim of breach of an employment contract. However, to the extent plaintiffs intended "to assert a claim of breach of contract as it affected the pension rights, or to the extent pension benefits [were] claimed as an item of damages," the claims were held to be preempted. Ruling at 3. Plaintiffs now move for reconsideration insofar as that Ruling "precludes plaintiffs from obtaining lost pension benefits as an element of their claim for breach of contract." Plaintiffs' Motion For Reconsideration at 1.

Plaintiffs argue that disallowing pension or other employee benefits as an item of damages in a breach of contract action was not envisioned by Congress when it enacted ERISA and, in effect, undercuts the policies of that legislation. Defendants, relying on *Teper v. Park West Galleries,* 153 Mich.App. 520, 396 N.W.2d 210 (1986), argues that the Ruling is completely consistent with ERISA, an Act which it characterizes as one "intended to create a single body of federal law to govern interstate employee benefit plans." Defendant's Memorandum in Opposition to Motion for Reconsideration at 3. Consistent with this argument, it notes that 29 U.S.C. § 1132(a)(1)(B) provides employees with the right to recover lost pension benefits, but only under ERISA.

*Discussion*

Although the reach of the preemption policy embodied in 29 U.S.C. § 1144 has been broadly interpreted, the "relate to" language of the statute has not been precisely defined. *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523–24, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981) (§ 1144 "gives rise to some confusion where, as here, it is asserted to apply to a state law ostensibly regulating a matter quite different from pension plans."). The Supreme Court has defined the term to mean that which "has a connection with or reference to" employee benefit plans. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). "Thus ERISA preempts all state laws insofar as they apply to employee benefit plans even if those laws do not expressly concern employee benefit plans and amount only to indirect regulation of such plans.... [and] regardless of whether they conflict with any specific provision of ERISA." *Howard v. Parisian, Inc.,* 807 F.2d 1560, 1563 (11th Cir.1987) (citations omitted).

Research suggests that the precise issue involved herein has been directly discussed in only two cases.[1] In *Teper,* plaintiff claimed breach of an implied employment contract and defamation. The jury returned a verdict for plaintiff, including "$89,220 as damages for 'lost pension benefits'". *Teper,* 396 N.W.2d at 211. Recovery of lost pension benefits was held to be under "a 'state law' as ERISA broadly define[d] that term, and ... clearly 'relate[d] to' a retirement plan governed by ERISA." Id. at 213. The court cited 29 C.F.R. 2530.200b, cited herein by defendant, which provides that pension benefits may be awarded as an item of damage to one who prevails on a wage claim. It criti-

---

**1.** Preemption under ERISA has been considered by a number of courts, *see, e.g., Gilbert v. Burlington Indus., Inc.,* 765 F.2d 320, 326–28 (2d Cir.1985); *Henne v. Allis–Chalmers Corp.,* 660 F.Supp. 1464, 1482–83 (E.D.Wis.1987); *Ahne v. Allis–Chalmers,* 640 F.Supp. 912, 920–21 (E.D. Wis.1986), all of which involved contracts which allegedly provided for wages or other employee benefits. *Gilbert,* 765 F.2d at 327–28 (contract claims which related to promised

wages and benefits preempted); *Henne,* 660 F.Supp. at 1482 (same with regard to promised severance benefits); *Ahne,* 640 F.Supp. at 920 (same). This case concerns the recovery of benefits—or damages which approximate benefits allegedly contracted for, *see infra*—strictly as an item of damage resulting from the alleged breach of plaintiffs' employment contracts. *Gilbert, Henne* and *Ahne* are not relevant to this issue.

cized *Sepanske v. Bendix Corp.*, 147 Mich. App. 819, 384 N.W.2d 54 (1985) (finding that recovery of pension benefits as an item of damage on contract claim was not preempted but then vacating jury damage award as speculative) as endorsing the plaintiff's claim that, in effect, he had been denied his ability to earn his pension benefits or an amount which approximated those benefits and ignoring the fact that the jury would be required either to use the actual pension benefits as a reference for assessing damages—thus satisfying the "relating to" burden—or to assess the damages in a vacuum. ERISA, it was held, was designed to avoid both scenarios. Finally, it concluded that allowing such independent claims would discourage the growth of pension plans as employers would be hesitant to offer benefits which could be recovered in a contract action, despite the fact that ERISA regulated the administration of the benefits in nearly every other aspect.

In *Morningstar v. Meijer, Inc.*, 662 F.Supp. 555 (E.D.Mich.1987), the court reached the opposite result. There, defendant had removed the action on the theory that plaintiff's claim of lost employment included a claim for the value she would have obtained in the form of future fringe benefits. Plaintiff was held to be seeking only the value of her employment, not the value of her benefits. Assessment of that claim was held to require only a calculation of what it would cost the plaintiff to purchase a similar such benefit package, i.e., an annuity. *Teper* was criticized as too pervasive, finding preemption where neither Congress intended nor reason suggested it.

The *Teper* rationale is compelling because it neatly falls within the seeming reach of the *Shaw* definition, viz, even construed solely as an item of damages, plaintiffs' claim has a "connection with or reference to" their pension plan. On the other hand, the "floodgates" concern noted in *Morningstar* is also well-founded. Quite clearly, there must be a point beyond which ERISA was not designed to reach. In *Fort Halifax Packing Co. v. Coyne*, —— U.S. ——, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987),

the Supreme Court noted one such area of state legislation. *Fort Halifax* involved a Maine statute which provided a one-time severance payment to employees of an employer who terminated or moved his operation. *Id.* 107 S.Ct. at 2213, n. 1.; *see also Bartucca v. Katy Indus., Inc.*, 668 F.Supp. 111 (D.Conn.1987) (holding Connecticut wage statute, Conn.Gen.Stat. § 31–71a *et seq.*, preempted under ERISA in light of *Fort Halifax*). Considering § 1144 and its purpose, ERISA was held not to preempt the Maine statute as ERISA was only designed to preempt state laws which related to employee benefit *plans*, not laws related to employee *benefits*. *Fort Halifax*, 107 S.Ct. at 2215–16. Where a state statute or common law cause of action impacted on the administration of an employee benefit plan, the preemptive reach of ERISA was applied but the Maine statute was found to have no affect on the administration of employee benefit plans. The one-time lump-sum payment was not part of an administrative scheme and constituted no obligation on the part of the employer to pay periodic regular benefits. *Id.* at 2216–18.

*Greenblatt v. The Bud Co.*, 666 F.Supp. 735 (E.D.Pa.1987), considered a post-*Fort Halifax* claim that the defendant had tortiously misrepresented to the employee that the pension benefits he was receiving under the Trailer Division Pension Plan would be made equal to those provided to comparable salaried personnel under a Corporate Pension Plan. Plaintiff claimed that he relied on this misrepresentation to his detriment. The court held that the "misrepresentation alleged by the plaintiff at Count II of his complaint should not be preempted because, simply put, the premise underlying this action was that plaintiff was deceived by the verbal statement made and the actions taken by his employer." *Id.* at 742. The mere fact that the subject of the deception was his pension benefits was held to be only incidental to the claim. The court also noted that ERISA was clearly not involved as it was the employer, not the plan fiduciary, who was the target of the action, and it was the employer, not the

plan, that would have to pay the damages if he prevailed. *Id.* at 742.

■ Given the reasoning of *Fort Halifax, Morningstar*, and *Greenblatt*, the motion for reconsideration is granted. On reconsideration, that part of the Ruling which held that the recovery of pension benefits as part of plaintiffs' breach of contract claim was preempted is reversed. Plaintiffs' claim is that defendant, their employer, broke its promise of continued employment. As a result of that breach, plaintiffs claim, in part, to have suffered the loss of benefits they would have accrued had they not been terminated. Recovery of those benefits will not affect the administration of the benefits plan nor will payment be made by the plan fiduciary. The recovery of benefits will be at the expense of the defendant-employer. While the amount of the recovery could thus, in part, be determined, or measured, by what benefits the plan would have provided, it would not become an allegation of the plan. It would effect neither this administration of the plan nor the financial status or obligations of the plan. The connection to the plan is too attenuated to bring the claim within the preemptive provision of ERISA.

SO ORDERED.