Arthur LISTER, Plaintiff–Appellant,

v.

H. Allan STARK, et al., Defendants–Appellees.

No. 89–1821.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 27, 1989.

Decided Nov. 28, 1989.

Terrence Buehler, Susman, Saunders & Buehler, Chicago, Ill., Joseph S. Buehler, Franks & Filler, Marengo, Ill., for plaintiff-appellant.

Alan S. Gilbert, Jay Conison, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for defendants-appellees.

Before CUMMINGS, CUDAHY and FLAUM, Circuit Judges.

CUMMINGS, Circuit Judge.

Arthur Lister sued the Sun Electric Corporation, the Sun Electric Corporation Pension Trust ("Trust") and two trustees of the Trust in state court, seeking a declaration that he was entitled to "uninterrupted service credit for the period from July 1964 to January 1971 for the purpose of calculating his pension benefits." Complaint ¶¶ 20(a) and 25(a). The defendants removed the case to federal district court, alleging that Lister's claims were preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461. The defendants then moved to have the case dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Lister moved to have the case remanded to state court on the ground that his claims were not preempted by ERISA. The district court denied Lister's motion and granted the defendants' motion. We affirm.

## I. Facts

Arthur Lister worked for the defendant, Sun Electric Corporation, from July 1964 until March 1970. In March 1970 he left Sun Electric but returned nine months la-

ter. Lister's complaint alleges that his return was induced in part by Sun Electric's promise that, contrary to the terms of the Sun Electric pension plan, Lister would receive pension service credit for the years 1964 through 1970, as well as for any years he was employed by Sun Electric after 1970.

In 1982, Lister was retired from Sun Electric as part of a cost-cutting program. Because he found employment elsewhere, Lister did not seek his Sun Electric pension benefits until 1987. Upon application for his benefits, Lister was informed by Allan Stark, Vice President and General Counsel of Sun Electric and Trustee for the Sun Electric Corporation Pension Trust, that the calculation of his benefits would not include his years of service prior to his rehiring in 1971. Exclusion of credit for the earlier years is consistent with the terms of Sun Electric's pension plan but not consistent with the alleged oral promise to include these prior years of service in the calculation.

In conformity with *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), the district court accepted these factual allegations of the complaint, along with all reasonable inferences therefrom, as true. See also *Banner Indus., Inc. v. Central States, Southeast and Southwest Areas Pension Fund*, 875 F.2d 1285 (7th Cir.1989). Nevertheless, the district court determined that Lister's claims were preempted by ERISA. Because ERISA does not allow oral modifications of pension plans, the district court dismissed the case.

## II. Discussion

### A. *Removal to Federal Court*

 "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The parties to this lawsuit are not diverse; hence the original jurisdiction necessary for removal, if any, must be based on "federal question" jurisdiction. Federal question jurisdiction requires that the case arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As a general matter, a cause of action can only be said to arise under the laws of the United States if the *plaintiff's* complaint raises a federal issue. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Since federal preemption is most commonly raised as a defense to a plaintiff's claim, the federal issue does not appear on the face of the plaintiff's complaint in cases where this defense is raised. Therefore, a preemption defense cannot be the basis of the original federal jurisdiction necessary for removal to federal court. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). But the Supreme Court has fashioned an exception to this rule where Congress has completely preempted a given area of state law. This "complete preemption" exception permits recharacterization of a plaintiff's state-law claim to a federal claim so that removal is proper.[1] Determination of whether a cause of action has been completely preempted is based on the intent of Congress. *Id.* at 66, 107 S.Ct. at 1547–1548. In *Taylor*, the Supreme Court held that the language of the juris-

---

1. The use of the term "complete preemption" is unfortunate, since the complete preemption doctrine is not a preemption doctrine but rather a federal jurisdiction doctrine. Thus, a case must be remanded to state court if the sole basis for federal jurisdiction is a preemption defense and if the federal court finds that the preemption is insufficiently complete to confer federal question jurisdiction. This jurisdictional decision by the federal court does not preclude the state court from finding that the state law cause of action is preempted by federal law. In such an event the state court will simply apply federal law in resolving the dispute. Of course if the federal court, in resolving the jurisdictional question, decides that the state cause of action is completely preempted, it will be unnecessary for the federal court to follow this jurisdictional analysis with a preemption analysis.

dictional subsection of ERISA's civil enforcement provisions [2] clearly indicates a Congressional intent to make all suits that are cognizable under ERISA's civil enforcement provisions federal question suits. *Id.*

■ Thus, proper resolution of the jurisdictional aspect of this case requires two inquiries. The first is whether Lister's complaint raises a federal issue. If it does, then federal jurisdiction is clear and removal was proper. If Lister's complaint does not raise a federal issue, then the second inquiry is whether removal was nevertheless proper under the complete preemption doctrine. Count I of Lister's complaint alleges fraud and Count II alleges breach of an oral contract. Neither count explicitly refers to ERISA although each count asks the court to declare that Lister is entitled to "uninterrupted service credit ... for the purpose of calculating his pension benefits." Plaintiff's complaint at 5 and 6. Although Lister claims entitlement to additional pension benefits, no federal cause of action explicitly appears on the face of his complaint. Nevertheless, Lister's case was properly removed to federal court because

under *Taylor*, Lister's claims are completely preempted. Lister is an ERISA plan participant. ERISA's civil enforcement provisions specifically provide plan participants and beneficiaries with a cause of action to seek increases in their pension benefits.[3] Lister's claims are thus cognizable under ERISA's civil enforcement provisions and are therefore completely preempted. Since this complete preemption confers the necessary original federal jurisdiction, removal of Lister's claims to federal court was proper.[4]

### B. *Preemption*

■ Having determined that Lister's claims are completely preempted for federal jurisdiction purposes, it is evident that they are substantively preempted as well.[5] Therefore, it is not necessary to analyze the particulars of this substantive preemption. Nevertheless, since the parties to this action relied primarily on cases in which the courts by-passed the jurisdictional issue and focused on substantive preemption, a discussion of these cases is warranted.

---

2. ERISA's civil enforcement provisions are contained in section 502 of the Act. 29 U.S.C. § 1132. The jurisdictional subsection of this section provides:

> The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action. ERISA § 502(f), 29 U.S.C. § 1132(f).

3. Section 502 of ERISA, 29 U.S.C. § 1132, provides in pertinent part:

> A civil action may be brought—
> (1) by a participant or beneficiary ... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
> ...
> (3) by a participant, beneficiary, or fiduciary, (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this title or the terms of the plan; ....

4. Other circuits have employed the *Taylor* complete preemption analysis to determine validity of a contested removal. See, *e.g., Fitzgerald v. Codex Corp.*, 882 F.2d 586 (1st Cir.1989) (action

completely preempted by ERISA and therefore removable to federal court); *Allstate Ins. Co. v. 65 Security Plan*, 879 F.2d 90 (3d Cir.1989) (action not completely preempted by ERISA since plaintiff had no standing under ERISA statute and case remanded to state court); *Hartle v. Packard Electric*, 877 F.2d 354 (5th Cir.1989) (action not preempted by ERISA within the meaning of *Taylor* and therefore remanded to state court); *Makar v. Health Care Corp. of Mid Atlantic*, 872 F.2d 80 (4th Cir.1989) (action completely preempted by ERISA and therefore removable to federal court); *Deford v. Soo Line Railroad Co.*, 867 F.2d 1080 (8th Cir.1989) (complete preemption analysis extended to Railway Labor Act to confirm validity of removal of action to federal court), certiorari denied, —— U.S. ——, 109 S.Ct. 3265, 106 L.Ed.2d 610; *Hansen v. Blue Cross of California*, 891 F.2d 1384 (9th Cir.1989) (affirming district court remand to state court for lack of federal question jurisdiction).

5. As noted earlier, *supra* note 1, the converse is not necessarily true. ERISA preemption that has not been determined to be "complete" is not sufficient to confer removal jurisdiction. *Taylor*, 481 U.S. at 64, 107 S.Ct. at 1547. ("ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law.").

Several circuits have held that ERISA preempts suits alleging breaches of oral modifications of pension plans. See, e.g., Cefalu v. B.F. Goodrich Co., 871 F.2d 1290 (5th Cir.1989) (plaintiff orally assured of retirement benefits equal to those of employees with other positions); Anderson v. John Morrell & Co., 830 F.2d 872 (8th Cir.1987) (plaintiff orally promised fringe benefits equal to those he would have received as a union member); Jackson v. Martin Marietta Corp., 805 F.2d 1498 (11th Cir.1986) (plaintiff orally promised an earlier pension service date than the date provided by the plan).[6] In each of these cases the preemption holding was based on the fact that the state law claim would have had a direct impact on the administration of an ERISA pension plan in contravention of the clear intention of Congress to make such administration the exclusive province of federal law.

Lister argues that the holding in Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987), indicates that not all breaches of oral modifications of ERISA pension plans are preempted. Fort Halifax held that ERISA did not preempt a state statute requiring payment of a one-time severance benefit in the event of a plant closing to employees not otherwise covered by a severance agreement.[7] The state statute at issue in Fort Halifax did not purport to modify an existing pension plan. Moreover, it did not interfere with the administration of a pension plan.

Thus Lister's characterization of the Fort Halifax holding is inaccurate.

Lister also cites Pizlo v. Bethlehem Steel Corp., 884 F.2d 116 (4th Cir.1989), in support of his claim. Pizlo, however, did not involve an oral modification of a pension plan. Rather, it involved an oral promise that employees would not be terminated. It was an alleged breach of this oral employment contract that the Fourth Circuit held was not preempted by ERISA. "The claims do not bring into question whether Plaintiffs are eligible for plan benefits, but whether they were wrongfully terminated after an alleged oral contract for a term." Id. at 120. Pizlo is thus distinguishable from the instant case.[8]

Finally, Lister relies on two district court cases to support his position that ERISA does not preempt his claims. Totton v. New York Life Ins. Co., 682 F.Supp. 731 (D.Conn.1987); Greenblatt v. Budd Co., 666 F.Supp. 735 (E.D.Pa.1987).[9] Totton involved a wrongful discharge action and is thus distinguishable in the same manner as Pizlo. Greenblatt, on the other hand, is not critically distinguishable from the instant case;[10] however, we agree with Judge Marovich's decision to decline to follow Greenblatt here.

Judge Marovich's determination that Lister's claims were preempted by ERISA was not, by itself, sufficient to support federal question jurisdiction. Nevertheless, the district court was correct in con-

---

**6.** Jackson was originally brought in federal court with federal jurisdiction based on diversity of citizenship. Both Anderson and Cefalu involved removal of a state claim to federal court. Neither case explicitly states that federal jurisdiction is based on diversity. If indeed the parties were not diverse in these cases, then the Anderson and Cefalu courts should have analyzed the jurisdictional basis for removal. Instead, these courts seem to have found removal proper merely because the claims at issue were preempted by ERISA. Such a finding is inconsistent with Taylor.

**7.** Fort Halifax reached the Supreme Court from the Supreme Judicial Court of Maine. Consequently the case did not involve removal jurisdiction. Federal jurisdiction was proper in Fort Halifax because the State of Maine was a party to the action.

**8.** The removal to federal court was not disputed in Pizlo because the complaint in Pizlo explicitly raised an ERISA claim.

**9.** The basis for federal jurisdiction is not evident in the Totton opinion. Like Pizlo, Greenblatt contained an ERISA claim on the face of the complaint. Also like Pizlo, the Greenblatt court appears to have relied on pendent jurisdiction to acquire the necessary federal jurisdiction to decide whether the state law fraud claim was preempted.

**10.** It is true that Greenblatt involved company funds rather than pension funds, but so did Cefalu, supra, where the Fifth Circuit decided in favor of preemption. We prefer the Cefalu rationale. Therefore, it would not avail Lister to amend his complaint to drop the pension trust defendants. See Appellant's Reply Br. at 3.

cluding that Lister's claims were preempted by ERISA.

## C. *Lack of Federal Remedy*

■ In addition to arguing that ERISA does not preempt his state law claims, Lister also maintains that preemption will leave him without a remedy since ERISA does not allow oral modifications of pension plan provisions. See ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1) (plan must be established and maintained pursuant to a written agreement); ERISA § 402(b)(3), 29 U.S.C. § 1102(b)(3) (plan must provide procedure for amendment and identify persons authorized to amend). See also *Nachwalter v. Christie*, 805 F.2d 956, 960 (11th Cir.1986) ("requirement that ERISA plans be 'maintained' in writing precludes oral modifications of the Plans"); *Bash v. Firstmark Standard Life Ins. Co.*, 861 F.2d 159, 163 (7th Cir.1988) (citing *Nachwalter*). While our holding here will leave Lister without a remedy, the availability of a federal remedy is not a prerequisite for federal preemption. The Supreme Court has specifically rejected such an argument. "The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA–plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987). See also *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 n. 4, 107 S.Ct. 2425, 2429 n. 4, 96 L.Ed.2d 318 (1987) (rejecting a Ninth Circuit suggestion that a federal remedy is a prerequisite to preemption).

## D. *Rule 12(b)(6) Dismissal*

■ Having determined that state law and common law remedies were completely displaced by ERISA in this case, it remains only to determine whether Judge Marovich's grant of the defendant's Rule 12(b)(6) motion to dismiss was proper. We review a Rule 12(b)(6) dismissal *de novo. Corcoran v. Chicago Park District*, 875 F.2d 609, 609 (7th Cir.1989).

In *National Union Fire Ins. Co. v. Continental Illinois Corp.*, 652 F.Supp. 858 (N.D.Ill.1986), the court held that a finding of federal preemption does not necessarily compel the grant of a Rule 12(b)(6) motion to dismiss. The court relied on *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–2233, 81 L.Ed.2d 59 (1984), to conclude that a court should dismiss a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." To the contrary is the case cited by Judge Marovich to support his dismissal of Lister's claim, *Armbruster v. Benefit Trust Life Ins. Co.*, 687 F.Supp. 403 (N.D. Ill.1988). The *Armbruster* court held, "it follows from the fact that ERISA preempts [their] claim that plaintiffs must properly plead their claim under ERISA before the relief requested is available in any court." *Id.* at 405 n. 1.

■ This divergence of views is of no consequence here, since even under the more lenient standard advanced in *National Union* Lister has failed to state a claim upon which relief may be granted. As previously discussed, ERISA does not recognize the validity of an oral modification of a pension plan. Therefore, even if Lister's complaint can be said to state a claim properly under ERISA, the dismissal was justified.

## III. Conclusion

Removal of Lister's case to federal court was proper under the complete preemption doctrine as enunciated in *Taylor*. Lister's claims were also properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The judgment of the district court is affirmed.