**Joseph C. MILLER and Karen M. Miller, Plaintiffs,**

v.

**TAYLOR INSULATION CO. and Jon Nelson, Defendants.**

**No. 89–4026.**

United States District Court, C.D. Illinois, Rock Island Division.

April 14, 1992.

B. Douglas Stephens, Jr., Wessels Cleaver & Stojan, Rock Island, Ill., for plaintiffs.

Jeffrey S. Bittner, Michael J. Motto, Carlin Hellstrom & Bittner, Davenport, Iowa, for defendants.

## ORDER

McDADE, District Judge.

Before the Court are Cross–Motions for Summary Judgment by the parties (# 42–1 and # 46–1) and Defendant's Motion Requesting Court to Take Judicial Notice (# 52). For the reasons that follow, the Court grants Defendant's Motion for Summary Judgment (# 46–1) and denies Plaintiff's Motion for Summary Judgment (# 42–1). Defendant's Request for Judicial Notice (# 52) is moot.

## JURISDICTION

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Millers are residents of the State of Arizona and Taylor is a corporation having its principal place of business in Rock Island, Illinois.

## BACKGROUND

In Count I of the Plaintiff's Amended Complaint, the Plaintiffs (Millers) assert that the Defendants, Taylor Insulation Company and its president, Jon Nelson (hereinafter Taylor), breached a contract between the parties by denying benefits to the Millers under Taylor's medical reimbursement plan. In Count II, the Millers seek punitive damages and damages for emotional distress for willful and wanton denial of the Millers request for payment of medical claims.

The Miller's original complaint alleged violations of ERISA and breach of contract. On May 24, 1991, this Court entered an Order dismissing Miller's ERISA claim.[1] Because Miller's breach of contract claim was pendent to his ERISA claim, this Court dismissed the breach of contract claim also.

Miller then filed an amended complaint under diversity of citizenship jurisdiction. 28 U.S.C. § 1332. On October 11, 1991, Miller filed a Motion for Summary Judgment. Taylor filed its Motion for Summary Judgment on November 20, 1991.

## STATEMENT OF FACTS

Miller began employment with Taylor in 1963. In 1973, Miller became president and in 1979, was chairman of the board. Defendant Jon Nelson was elected to succeed Miller as President upon Miller's retirement. On November 8, 1979, Miller retired and the parties executed a document titled Taylor Insulation Company Consultation and Non–Competition Agreement (Agreement). The Agreement entitled Miller to participate in Taylor's sick-pay plan, the medical reimbursement plan and the group life insurance plan which were currently effective. The term of the Agreement was ten years, commencing December 1, 1979.

Miller alleges breach of contract by Taylor in denying reimbursement for Miller's medical claims and not paying the claims as provided in the Agreement. The controversy before the Court concerns Taylor's medical reimbursement plan. Miller contends that paragraph 3(b) of the Agreement provided benefits to Miller and his dependents. Taylor disputes that the Agreement provided the "benefits" of the medical reimbursement plan. It claims Miller was only "entitled to participate" in a group health plan, and that actual coverage, and the right to benefits, was determined by the group health carrier.

At the time the Agreement was entered into, Taylor's medical reimbursement plan included a combination of benefits, some provided directly by Taylor, and the remainder through a group health insurance policy issued by Great West Insurance Company. The parties do not dispute that the group health insurance policies were a major component of Taylor's medical reimbursement plan in effect at the time the Agreement was made. In 1980, Taylor changed its insurance carrier to United of Omaha. The United of Omaha policy remained in effect until January of 1987. On January 28, 1987, Taylor obtained new group health insurance from New York Life.

Between 1979 and 1986, Miller made claims for medical care for himself and his dependents and benefits were provided. When Taylor changed its health insurance carrier from United of Omaha to New York Life on January 28, 1987, Miller's name was not submitted for coverage under the New York Life policy. As of that date, Miller was no longer a participant in Taylor's medical reimbursement plan. Miller, however, was not aware that he had been dropped from the plan.

In June of 1987, Miller submitted medical bills to Taylor for payment. On July 7, 1987, Taylor notified Miller that it was denying the claims because Miller was not included in the group health policy with New York Life.

## DISCUSSION

On January 15, 1992, the Seventh Circuit decided the case of *Emil J. Bartholet v. Reishauer A.G. and Reishauer Corp.*, 953 F.2d 1073 (7th Cir.1992). Plaintiff and Defendant were instructed by this Court's Order of March 4, 1992, to submit legal memoranda with reference to the effect of the *Bartholet* case on the issues now before the Court. Both parties are in agreement that Plaintiff's claims based on a state law breach of contract theory "relate to" ERISA and are therefore preempted by ERISA.[2]

---

1. Order of May 24, 1991. This case was previously assigned to Judge Mihm.

2. Section 514(a) of ERISA, 29 U.S.C. § 1144(a) provides:

   Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may

In *Bartholet v. Reishauer*, 953 F.2d 1073 (7th Cir.1992), the Seventh Circuit found that Congress had intended, in enacting ERISA, for federal law to completely occupy the field of pensions. The court stated that "a complaint reciting that the claim depends on the common law of contracts is really based on the [ERISA] if the contract in question is a pension plan."

In *Bartholet,* plaintiff and defendant signed a contract at the time plaintiff began work for defendant. As plaintiff interpreted it, the contract entitled him to pension benefits computed on the assumption that his years of employment with another company would count as years of employment with the defendant. Over the succeeding four years plaintiff proposed various plans to the defendant but the plan finally adopted by the defendant did not give the plaintiff credit for the years of service with the other company. The plaintiff filed a claim in state court alleging, *inter alia,* that the plan adopted by the defendant failed to create a pension plan with credit for years of service at the previous company. The defendant removed the case to federal court asserting that the plaintiff's demand for additional pension payments is necessarily based on ERISA. The plaintiff argued that he only wished to enforce his contract.

Relying on *Lister v. Stark*, 890 F.2d 941 (7th Cir.1989), the Seventh Circuit in *Bartholet* stated that in both cases the pension plan specified one benefit, and the employee said that his employer contracted to supply a greater one. A suit based on the difference between the pension promised by contract and the pension established by the plan "relates to" the pension plan and is therefore preempted by ERISA. The Seventh Circuit reversed the district court's dismissal of the complaint, holding that a complaint does not need to plead law as well as fact. Even though not stated as a claim under ERISA, ERISA was the gravamen of plaintiff's claims. The case was remanded to the district court to determine

now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

whether the writing had the meaning the plaintiff saw in it, and whether there was a remedy under ERISA when the plan did not live up to the promise.

In the case presently before the Court, Miller claims that he is entitled to relief under state common law of contract theory. He claims that the written agreement entitled him to participate in the group health insurance. As purchased by Taylor, however, the group health policy did not cover Miller because he was ineligible under the terms of the policy which required that employees work at least 20 hours weekly at the employer's place of business. Because this Court has previously found [3] that the group health policy constitutes an employee welfare plan, Miller's claim "relates to" the benefit plan.

## CONCLUSION

Based on the authority of the recent case of *Bartholet v. Reishauer*, 953 F.2d 1073 (7th Cir.1992), Plaintiff's pending state law claims are preempted by ERISA. As such, the Court DENIES Plaintiff's Motion for Summary Judgment (# 42–1) and GRANTS Defendant's Motion for Summary Judgment (# 46–1). Defendant's Motion Requesting the Court Take Judicial Notice (# 52) is MOOT.

**3.** Order dated May 24, 1991, by Judge Mihm.