

**2005 Decisions**

**Opinions of the United States Court of Appeals for the Third Circuit**

10-18-2005

# Dieffenbach v. Intl Rehab Assn Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4085

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Dieffenbach v. Intl Rehab Assn Inc" (2005). *2005 Decisions.* Paper 388.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/388

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4085
_____

L. PAUL DIEFFENBACH,

Appellant

v.

INTERNATIONAL REHABILITATION
ASSOCIATES, INCORPORATED
dba INTRACORP

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 02-cv-07903)
District Judge:  Honorable J. Curtis Joyner

_____

Submitted Under Third Circuit LAR 34.1(a)
October 14, 2005

Before:  SLOVITER, BARRY AND FISHER, <u>CIRCUIT JUDGES</u>

(Filed: October 18, 2005)
_____

OPINION
_____

PER CURIAM.

Appellant, L. Paul Dieffenbach, filed this action against his former employer,

Intracorp, claiming that he was improperly denied severance benefits and that his wages

were improperly garnished pursuant to a state tax lien. He later amended his complaint to include claims of age discrimination and unlawful discharge to avoid pension vesting. On December 23, 2002, the District Court granted Intracorp's motion to compel arbitration, holding that Dieffenbach was bound by the parties' written agreement to arbitrate all disputes arising out of his employment. In 2004, the parties entered into a written Settlement Agreement and Release, calling for Intracorp to pay Dieffenbach $17,544.96. Dieffenbach took the position that the Release did not include his ADEA claim or ERISA discharge claim. An arbitrator granted Intracorp's motion for enforcement of the Agreement, holding that the Release covered all claims. Dieffenbach then returned to the District Court and sought to quash the award, while Intracorp moved for enforcement. On August 16, 2004, the District Court confirmed the arbitrator's award in all respects and dismissed the case. After the District Court denied Dieffenbach's timely filed motion for reconsideration, Dieffenbach timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(1)(D).

Dieffenbach raises a host of issues on appeal, but after a careful review of the record, we find no basis to disturb the District Court's judgment. Among other things, Dieffenbach argues that the Arbitrator impermissibly "reversed" a prior ruling by the District Court finding the waiver of his ADEA claims unenforceable. Appellant's Br. at 16. The record is clear, however, that the District Court did not consider the enforceability of the arbitration agreement or waiver of the ADEA claims until after the

2

arbitration proceeding when it confirmed the award. Dieffenbach also contends that the arbitrator's award cannot stand because the arbitrator reached his decision without holding a hearing. Appellant's Br. at 24. As the District Court correctly observed, however, the arbitrator decided the matter pursuant to the parties' Settlement Agreement, and the Settlement permitted the issues to be heard and decided on a summary basis without a hearing. Moreover, the record fully supports a finding that Dieffenbach's execution of the arbitration agreement, as well as his execution of the Settlement Agreement and Release, were knowingly and voluntarily given, and Dieffenbach presents us with no credible or persuasive argument to the contrary. Cf. Wastak v. Lehigh Valley Heath Network, 342 F.3d 281 (3d Cir. 2003).

We have considered Dieffenbach's remaining arguments, but we find those arguments without merit and in need of no separate discussion. We note that the Appellee's Brief fully and accurately sets forth the reasons why Dieffenbach's various contentions must be rejected. For the reasons stated, we will affirm the District Court's judgment.