

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2009

# L. Dieffenbach v. Cigna

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1474

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"L. Dieffenbach v. Cigna" (2009). *2009 Decisions*. Paper 2070.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2070

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1474
_____

L. PAUL DIEFFENBACH,

Appellant

v.

CIGNA, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 07-cv-03685)
District Judge:  Honorable J. Curtis Joyner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 6, 2009
Before: SLOVITER, AMBRO and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 6, 2009)

_____

OPINION
_____

PER CURIAM

L. Paul Dieffenbach filed a complaint in the Chester County Court of Common

Pleas against CIGNA, his former employer, asserting claims of age discrimination and

seeking invalidation of the general liability waiver CIGNA requires in exchange for

severance benefits.[1]

CIGNA removed the action to the United States District Court for the Eastern District of Pennsylvania and moved to dismiss it as barred by the doctrine of res judicata and by the waiver and release Dieffenbach signed at the conclusion of an earlier lawsuit against his former employer. Dieffenbach sought to have his suit remanded to the state court, claiming that he did not plead a federal cause of action because his age discrimination claims were brought under state law and his ERISA-related question demanded an answer under Pennsylvania law alone. In a separate motion, noting that CIGNA had a statute-of-limitations defense to any Age Discrimination in Employment Act ("ADEA") or ERISA claim it might find, Dieffenbach asked the District Court to sever any federal law claims "made by the Defendant" and to remand the surviving state law claims to state court. In response to Dieffenbach's motions and in a separate filing, CIGNA requested sanctions.

On October 17, 2007, the District Court, holding that Dieffenbach's suit was

---

[1]As the parties are aware, this is not the first lawsuit Dieffenbach has filed against CIGNA. In his first case against CIGNA, the District Court granted CIGNA's motion to compel arbitration. The parties later entered into a settlement agreement, through which Dieffenbach was awarded more than $17,000. When Dieffenbach subsequently stated an intention not to comply with it as it related to pursuing some claims, CIGNA went back to the arbitrator. The arbitrator dismissed Dieffenbach's claims based on the settlement agreement. Considering the parties' cross-motions, the District Court confirmed the arbitration award. We affirmed the District Court's decision, Dieffenbach v. Int'l Rehab. Assoc., Inc., 150 F. App'x 178 (3d Cir. 2005), and denied rehearing. The United States Supreme Court denied Dieffenbach's petition for a writ of certiorari. Dieffenbach v. Int'l Rehab. Assoc., Inc., 127 S. Ct. 174 (2006).

2

properly removed to federal court and identical to his earlier action against his former employer, denied Dieffenbach's motions and dismissed his case on res judicata grounds. In light of the order dismissing the case, CIGNA's motion for sanctions, and a hearing held earlier in October 2007, the District Court also ordered Dieffenbach to show cause why he should not be sanctioned for knowingly and intentionally refiling a case that had previously been fully and finally litigated. In response, Dieffenbach submitted an amended complaint and took the position (unusual for a plaintiff) that he was without standing to bring his claims.[2] Among other things, he also contended that he should not be sanctioned because he did not file his complaint in federal court; he only responded to CIGNA's submissions after CIGNA removed his action to federal court. Two months after dismissing Dieffenbach's case, the District Court granted CIGNA's request for sanctions, but permitted the parties additional time to file supplemental submissions relating to the appropriate penalty amount.

CIGNA provided evidence of its counsel fees and expenses and presented argument why monetary sanctions were appropriate. Dieffenbach filed a motion to quash the removal and remand to state court, relying on the amended complaint he submitted

---

[2] Dieffenbach separately and unsuccessfully objected to a different District Court judge, Judge Bartle, that his case should not have been assigned to Judge Joyner under the Local Rules for related cases. Judge Bartle also rejected Dieffenbach's subsequent motion that his case be reassigned under 28 U.S.C. § 144 because of alleged "increasingly palpable favoritism."

3

and his claimed lack of standing.[3]  On January 15, 2008, approximately three months after dismissing Dieffenbach's complaint, the District Court denied Dieffenbach's motion to quash and remand and awarded CIGNA $21,645.80.  Citing Federal Rule of Civil Procedure 59 within 10 days of the sanctions award, see Fed. R. Civ. P. 6, Dieffenbach then asked the District Court to vacate the sanctions award or, in the alternative, provide a more definite ruling and a full accounting.  Dieffenbach also filed a "fourth motion to deny removal jurisdiction and remand to court of origin."  On February 6, 2008, the District Court denied both motions.  Dieffenbach appeals, designating in his notice of appeal the orders entered January 15, 2008, and February 6, 2008.[4]  In his notice of appeal, Dieffenbach also repeated a contention that he made in the District Court, namely that his case should not have been assigned to Judge Joyner "at inception."[5]  In his brief, Dieffenbach also seeks review of the District Court's order dismissing his case on res judicata grounds.  In addition, CIGNA moves for sanctions, fees, and double costs, and Dieffenbach moves for "summary vacatur" of the District Court's sanctions award.

_____

[3] He also filed a notice of appeal to protest the orders dismissing his complaint, refusing reconsideration, denying his recusal motion, and granting the sanctions motion.  On January 24, 2008, Dieffenbach's appeal was dismissed on his request pursuant to Federal Rule of Appellate Procedure 42(b).

[4] Although Dieffenbach designated the orders entered January 15, 2008, and February 5, 2008, no orders were entered on February 5, 2008.  We construe his notice of appeal to designate the orders signed on February 4, 2008, which were entered on the docket on February 6, 2008.

[5] We consider only the aspect of the objection Dieffenbach raised in District Court that he also raises in his brief – a claim of bias.

4

We first must consider our jurisdiction. We have jurisdiction over appeals from final orders under 28 U.S.C. § 1291 and from collateral orders under the doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). See In re Briscoe, 484 F.3d 201, 211 (3d Cir. 2006). A final order is a decision that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." See Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). None of the orders designated in the notice of appeal is a final order by this definition. However, an order denying remand is reviewable under the collateral order doctrine. See Pennsylvania v. Newcomer, 618 F.2d 246, 249 (3d Cir. 1980). Similarly, we have held that a Rule 11 motion for sanctions is 'uniquely separable' and collateral from a decision of the merits. See Pensiero v. Lingle, 847 F.2d 90, 98 (3d Cir. 1988); see also Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990) (noting that a Rule 11 sanction requires the determination of a collateral issue and "does not signify a District Court's assessment of the legal merits of the complaint") (superseded by statute on other grounds).

Our consideration of the District Court's collateral orders leads us to review the jurisdictional issue that the District Court addressed in previous orders. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998) ("[T]he first and fundamental question is that of jurisdiction, first, of this court, and then, of the court from which the record comes.); cf. Kontrick v. Ryan, 540 U.S. 443, 455 (2004) ("A litigant

5

generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action . . . ."). However, as Dieffenbach did not designate a final order (as the term is understood for purposes of 28 U.S.C. § 1291) in his notice of appeal, this is not a case where a designated final order brings up earlier orders for our review.[6] See, e.g., Pacitti by Pacitt v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999).

To determine whether the District Court properly exercised jurisdiction over Dieffenbach's removed case, we examine "'the face of [his] complaint' for a federal question." Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa., 605 F.2d 119, 123 (3d Cir. 1979). In the District Court and in his brief before us, Dieffenbach has offered arguments relating to statute of limitations, standing, and other obstacles to his success on the merits of any federal claims CIGNA perceived. However, the question of jurisdiction is separate from the question whether relief is available after jurisdiction attaches. See id. at 123-24 (quoting Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 561 (1968)). Dieffenbach also sought a remand in reliance on the amended complaint he filed after the District Court denied the first remand requests and dismissed the removed complaint. However, "a subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction." See Westmoreland Hosp. Ass'n.,

---

[6] In any event his notice of appeal is untimely as to the final order dismissing his case on res judicata grounds. See Fed. R. App. P. 4(a)(1). The time-limit of Rule 4(a)(1) for commencing an appeal is mandatory and jurisdictional. See Bowles v. Russell, 127 S. Ct. 2360, 2363-66 (2007).

605 F.2d at 123.

Even if Dieffenbach purports to raise only state law claims, we must consider whether the District Court has jurisdiction because the claims are completely preempted because they raise an issue necessarily federal in character. See Metro. Life Ins. v. Taylor, 481 U.S. 58, 64, 67 (1987); see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 24 (1983). In considering whether the complaint includes any claims that are completely preempted, we "may 'look beyond the face of the complaint to determine whether [he] has artfully pleaded his suit so as to couch a federal claim in terms of state law.'" Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 274 (3d Cir. 2001).

The first count in Dieffenbach's removed complaint (found attached as the first exhibit to CIGNA's Notice of Removal (District Court Docket Entry # 1)) is entitled "Age Discrimination in Employment." To summarize, Dieffenbach alleged in that count that after working (with a flawless record) for twelve years for a CIGNA subsidiary, he learned that he was being laid-off. He contended that although CIGNA stated that the facility where he worked was being eliminated, it was actually being moved to Connecticut, where the work he performed would be given to two new hires, who were significantly younger than Dieffenbach (who was then 56 years old).

Dieffenbach titled the second count in his complaint "Employment Policies and Practices which Contravene Pennsylvania Public Policy." In that count, he alleged that

7

CIGNA offered him a severance package in exchange for executing a general liability release, including a waiver of his right to sue for age discrimination. In short, he stated that the release requirement set off an "acrimonious dispute" between him and CIGNA, which "came to a head" when an interim manager demanded that he sign the severance contract. Dieffenbach alleged that he refused to sign the agreement and was "summarily terminated" as a result the same day.

Dieffenbach sought "compensatory and punitive damages as a jury may deem comensurate [sic] with the evidence." He also sought the following injunctive relief:

> [A] declaratory judgment invalidating that part of Defendant's severance pay policy which requires the execution of a "global" liability release as condition of receiving basis benefits as being contrary to the way and benefit law(s), as well as other elements of public policy, in the Commonwealth of Pennsylvania, along with a corresponding performance order that the offending provisions be written out of the Defendant's Severance Pay Plan.

In seeking removal of Dieffenbach's action to federal court and in arguing that the District Court had jurisdiction over the suit, CIGNA argues that the second count is a claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 et seq., because Dieffenbach seeks to invalidate the eligibility criteria of an ERISA-governed employee benefit plan. Furthermore, CIGNA maintains that ERISA completely preempts any related state law claims in count two pursuant to 8 U.S.C. § 1144(a).[7]

---

[7] In seeking removal, CIGNA also noted that the first count of the complaint could be construed to be a claim for age discrimination under state or federal law, and that the District Court had original jurisdiction over a federal suit for age discrimination. The

Dieffenbach insists that he raised state law claims and states that he "carefully worded his complaint to avoid any reference to federal laws or the inclusion of anything that might even remotely be construed as federal subject matter." Appellant's Brief 7.

Dieffenbach couched his claims in state public policy language. As he contends, he avoided mentioning ERISA or other federal laws. However, the question remains whether his claims, through which he sought to invalidate CIGNA's severance plan (which no one disputes is an ERISA-regulated plan), fall within the scope of ERISA's civil enforcement provision. If they do, they are completely preempted, see Pryzbowski, 245 F.3d at 272, and properly removed. However, not all claims preempted by ERISA are subject to removal. See Dukes v. U.S. Healthcare, 57 F.3d 350, 355 (3d Cir. 1995); see also, e.g., Pryzbowski, 245 F.3d at 273 (noting that claims relating to "treatment decisions," that is, claims about the quality of a medical treatment, may be subject to a state action). "[S]tate law claims that fall outside of the scope of [the civil enforcement

District Court ruled that the Dieffenbach's age discrimination was cognizable under both federal and state law, the second count of his complaint was an ERISA claim, and the causes of action were properly removed. Stating that the ERISA issues are dispositive, CIGNA does not brief the issue whether the case should have been removed based on the first count. Appellee's Brief 22 n.9. If Dieffenbach had filed his complaint in federal court, his first count could have been liberally construed to raise a federal age discrimination claim. However, unlike the plaintiffs in Westmoreland Hosp. Ass'n, 605 F.2d at 123, he filed the complaint in state court without citing or relying on federal law. Because the age discrimination claim could have been decided "solely on state law precepts," it did not (at the time of filing) require "construction of a federal statute for its disposition." See id. at 123-24. Accordingly, the jurisdictional question turns on whether Dieffenbach alleged a federal claim (or raised a claim completely preempted by federal law) in the second count of his complaint.

9

provision], even if preempted by [ERISA], are still governed by the well-pleaded complaint rule, and therefore, are not removable under . . . complete preemption principles." Dukes, 57 F.3d at 355.

CIGNA argues that Dieffenbach's claims fall within the scope of ERISA's civil enforcement provision of § 502(a)(1)(B). That civil enforcement provision "allows a beneficiary or participant of an ERISA-regulated plan to bring a civil action 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'" See Pryzbowski, 245 F.3d at 272 (quoting 29 U.S.C. § 1132(a)(1)(B)).[8] "[A] beneficiary may obtain accrued benefits due, a declaratory judgment about entitlement of benefits, or an injunction to require the administrator to pay benefits." Id.

However, Dieffenbach[9] did not seek accrued benefits due, as in many typical complete preemption cases. See, e.g., Metro. Life Ins. Co., 481 U.S. at 63 (holding that a state suit to recover benefits from a covered plan was completely preempted); Sofo v.

---

[8] In a different context, we have described the distinction to be made as "whether the claim challenges the administration or eligibility for benefits, which falls within the scope of § 502(a) [29 U.S.C. § 1132(a)] and is completely preempted, or the quality of the medical treatment performed, which may be the subject of a state action." Pryzbowski, 245 F.3d at 273. Although we are informed by that distinction, we focus on the language of the statute when a claim, such as Dieffenbach's, does not fall cleanly into either category. See id.

[9] For our purposes, we assume that Dieffenbach is a participant in CIGNA's plan, as the term is set forth in statute, see 29 U.S.C. § 1002(7), and has been interpreted, see Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117-18 (1989), although we understand that Dieffenbach would challenge this assumption.

10

Pan-American Life Ins. Co., 13 F.3d 239, 241 (7th Cir. 1994) (holding that a rescission claim had been properly removed as completely preempted because it was a claim by a participant for a denial of benefits); Lister v. Stark, 890 F.2d 941, 944 (7th Cir. 1989) (holding that a complaint alleging fraud and breach of contract had been properly removed because the plaintiff claimed entitlement to additional pension benefits); cf. Dukes, 57 F.3d at 356 (noting that a claim that an ERISA plan withheld benefits would be completely preempted). The parties previously came to an agreement about the amount of severance pay due Dieffenbach; the agreement and award were upheld in subsequent litigation. Although he sought a declaratory judgment, he sought a judgment not to enforce his rights under the plan or to clarify his entitlement to benefits under it; he wanted a declaration that the liability release violated Pennsylvania public policy. Similarly, the injunction Dieffenbach requested – an order that a provision be written out of severance plan – was not an injunction to require CIGNA to pay him benefits. He also sought unspecified compensatory and punitive damages, but they were not for violations of the terms of the plan. He sought relief on the belief that the terms of the plan conflict with state law and public policy.[10] Accordingly, Dieffenbach did not raise a claim that was completely preempted as a claim under ERISA's civil enforcement provision.[11] Cf.

---

[10] For this reason, it cannot be said that his complaint was an effort to get the equitable relief envisioned by 29 U.S.C. § 1132(a)(3).

[11] However, a state court (if it did not find Dieffenbach's claim barred on res judicata or other grounds) could still find that the state law cause of action is preempted by federal law and apply federal law in resolving the matter. See Lister, 890 F.2d at 944

11

Hook v. Morrison Milling Co., 38 F.3d 776, 784 (5th Cir. 1994) (stating that "ERISA's preemptive scope may be broad but it does not reach claims that do not involve the administration of plans, even though the plan may be a party to the suit or the claim relies on the details of the plan"). The Hook court held that a plaintiff in a common law negligence suit, who did not seek benefits under a plan or claim that a company improperly processed her claim for benefits, did not present a preempted claim despite the question whether a waiver in an ERISA plan barred the suit. See id.

Because Dieffenbach did not include a claim that is completely preempted and no federal claims are apparent on the face of his complaint, the District Court should not have exercised jurisdiction. The District Court should have remanded the matter to state court.[12] We must vacate the District Court's orders, not only those specified in the notice of appeal, but also all those entered in this case.[13] We remand this matter to the District Court for further proceedings consistent with this opinion, including a remand to the

n. 1; see also Dukes, 57 F.3d at 355. Potentially relevant to this matter is the Supreme Court's discussion about the permissibility of waivers in exchange for benefits. See Lockheed Corp. v. Spink, 517 U.S. 882, 890-95 (1996).

[12] We categorically reject claims by Dieffenbach that the District Court did not remand the matter because he was biased. There is no evidence in the record that Judge Joyner was carrying out a "personal vendetta" against Dieffenbach, Appellant's Brief 3, 13, or "mollycoddling" CIGNA, id. at 6.

[13] Because the jurisdictional issue controls, we do not address the parties' competing arguments relating to sanctions, or any issues surrounding the timing of the entry of the sanctions award in the District Court, cf., e.g., Pensiero v. Lingle, 847 F.2d 90, 100 (3d Cir. 1988); Simmerman v. Corino, 27 F.3d 58, 60 (3d Cir. 1994); but see Gary v. Braddock Cemetery, 517 F.3d 195, 202-03 (3d Cir. 2008).

Court of Common Pleas for Chester County, Pennsylvania. We deny Dieffenbach's motion for "summary vacatur," and CIGNA's motion for sanctions, fees, and double costs.